CALLAGHAN v. CALLAGHAN et.

Ohio Appeals, 1st Dist., Hamilton Co.

Paul V. Connolly and Leo A. Burke, Cincinnati, for plaintiff.

Bettman, Riesenberg, Cohen & Steltenpohl, Cincinnati, for defendant.

717 LICENSES—997. Real Estate—1165. Tenants in Common—889. Partition.

BUCHWALTER, PJ.

1. Paper writing, agreeing to let defendant occupy residence for life, containing no consideration or grant of interest in land, executed by owner of premises who subsequently devised same jointly to plaintiff and defendant, held mere license, revoked by death of owner.

2. Where defendant, devised premises jointly with plaintiff, was occupying premises under devise without permission to remodel or sublet premises under writing granting defendant right of occupancy revocable by death of devisor, parties were tenants in common and plaintiff was entitled to partition.

(Hamilton and Cushing, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

ARNOLD v. WYLIE.

Ohio Appeals, 5th Dist., Licking Co.

Mitchell & Kreider, Newark, for Arnold.

Johnson & Johnson, Newark, for Wylie.

336. CRIMINAL CONVERSATION—355. Damages—225. Charge of Court—480. Evidence.

HOUCK, J.

1. In action for damages for criminal association between defendant and plaintiff's wife, instruction authorizing punitive or exemplary damages which may be a sum to deter others from like conduct, but damages should not be excessive or beyond reasonable measure of such damages and no more than amount claimed in petition, held proper on law of punitive or exemplary damages.

2. In action for damages for criminal association between defendant and plaintiff's wife, instruction stating that allegations concerning expense of child, resulting from criminal association, have been eliminated, in view of conclusive presumption that husband of wife is father of child born in lawful wedlock, was sufficient to remove prejudicial error in admitting testimony concerning birth of child.

3. Error, to be ground for reversal, must be of such character and nature as is prejudicially erroneous to party prosecuting error.

4. Reviewing court cannot reverse case simply because evidence is conflicting.

5. Where jury, having opportunity to see and hear witnesses and observe their conduct, makes finding on question of fact under conflicting evidence, reviewing court cannot say that jury was not warranted in returning verdict, though reviewing court might have returned different verdict.

6. Jury are judges of credibility and weight to be given to testimony of witness.

(Shields and Lemert, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

COMMERCIAL BLDG. & LOAN CO. v. FOLEY.

Ohio Appeals, 4th Dist., Scioto Co.

S. Anslem Skelton, Portsmouth, for Building Co.

Geo. M. Osborn, Russell K. McCurdy and Miller & Searl, Portsmouth, for Foley.

787. MORTGAGES—775. Mistakes—542. Foreclosure.

MIDDLETON, J.

1. Where a first mortgage on real property is released on the record by the mistake of the recorder and thereafter the property is mortgaged to a second mortgagee and sold to purchasers, all of whom relied upon the record and did not know of the mistake, the first mortgage may be foreclosed against the second mortgagee and the purchasers, since none of the parties are at fault and all are equally protected by statutes, and in ·this situation the oldest claim must prevail.

2. Where owners of mortgaged real property paid interest and dues on the mortgage knowing it to be unsatisfied, they might not complain of the foreclosure of the mortage, whether or not they knew that the mortgage had been released on the record.

(Mauck, J., concurs. Sayre, PJ., not participating.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

BRIDGE v. RING et.

Ohio Appeals, 6th Dist., Lucas Co.

Smith, Baker, Effler & Eastman, Toledo, for Bridge.

Johnson, Johnson & Farber and M. R. Bergman, Toledo, for Ring et.

112. ATTACHMENT—557. Fraud—995. Ratification.

RICHARDS, J.

1. Under 10214 GC., all proceedings relating to attachment must be liberally construed to promote objects of law and assist parties in obtaining justice.

2. Where life tenant was allegedly fraudulently induced to convey property to remainderman by instrument represented to be lease and remaindermen by instrument thereafter conveyed property to third party, life tenant's action against remainderman to recover difference between value of property and amount received is ratification of conveyance, and attachment for such sum is based on "demand arising on contract," within 11819 GC., liberally construed as required by 10214 GC.

3. As respects attachment, deed, on being executed and delivered, becomes contract.

(Williams and Young, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.